GENNARO IACONA, as Administrator of the Estate of CHRISTOPHER IACONA, Deceased, Respondent, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.— In an action to recover damages for the alleged wrongful death of respondent's intestate, the appeal is from a judgment in favor of the respondent, entered upon a jury verdict. Judgment reversed on the facts and new trial granted, with costs to abide the event. The verdict was contrary to the weight of the evidence. Nolan, P. J., Wenzel, MacCrate and Murphy, JJ., concur; Beldock,

J., concurs in the reversal of the judgment, but dissents from the granting of a new trial and votes to dismiss the complaint, with the following memorandum.: In Public School No. 29, Brooklyn, appellant conducted a community center, of which respondent's intestate (about thirteen years old) was a member. At the center, there were a number of sports in which the members could participate; one of the sports was boxing, in which sport a tournament was being conducted. The bouts were informal; they were not held in a conventional ring; the contestants wore street clothes and either sneakers or shoes. Each bout consisted of three two-minute rounds, with one and a half-minute rest periods. The boxers wore sixteen-ounce gloves. On March 18, 1948, the intestate ate a hearty supper at home, went to the center, and there voluntarily participated in a boxing bout with a contestant of the same age, weight and height. After one or two rounds, the intestate collapsed and died shortly thereafter. Autopsy revealed that the cause of death was " MENINGITIS; type undetermined: Status Thymico-Lymphaticus ". In this action for wrongful death, respondent has recovered judgment on the theory that appellant was negligent in failing (1) to examine the intestate physically before permitting him to engage in the boxing bout; (2) to instruct the intestate in self-defense; (3) to warn the intestate of the dangers of boxing after eating a heavy supper. In my opinion, under the circumstances of this case, it may not be said that appellant was under a duty to examine physically every participant in an athletic activity, where the evidence clearly indicates that there were no signs of illness prior to the bout and, on the contrary, the intestate appeared to be normal and healthy, even to his own father, who saw him for several hours shortly before the accident. Furthermore, the evidence fails to show that the intestate's death resulted from any of the three claims of negligence.